THE STAT[ ] ' KANSAS, *ex rel. S. B. Bradford, Attorney*
( ', v. THE CITY OF LEAVENWORTH.

*[ori]al Proceedings in Quo Warranto.*

ACTIO[ ] [brou]ht in this court September 22, 1886, by *The State*, on t[he] [relati]on of the attorney general, against *The City of Leavenworth*, to forever oust said city from exercising or attempting to exercise the power to authorize or license the sale of intoxicating liquors therein. For answer to plaintiff's petition, the defendant filed a general denial. The opinion herein was filed at the March, 1887, session of the court.

*S. B. Bradford*, attorney general, for plaintiff.
*William C. Hook*, city attorney, for defendant.

*Per Curiam:* It was decided in *The State v. The City of Topeka*, 30 Kas. 653, that cities in this state have no power to license or impose a license tax on the business of selling intoxicating liquors, contrary to the provisions of the constitution and the statute; and that if a city assumes such unlawful corporate power it may be ousted from the exercise thereof, by proceedings in the nature of *quo warranto*. Therefore the only question to be considered in this case is, whether the city of Leavenworth has attempted to authorize or license the sale of intoxicating liquors. This is a question of fact for our determination from the evidence introduced. An examination of the evidence satisfies us that although the city of Leavenworth has not by any written or printed license expressly authorized the sale of intoxicating liquors, it has effectually done so by the action of its officers. The shifts and subterfuges adopted for that purpose are even more culpable and indefensible than if the officials had authorized, in writing, the sale of intoxicating liquors. No circuity of action, no indirection or other evasion of this matter, can possibly excuse Leavenworth city, or render the illegal and wrongful acts

of its officials harmless and innocent. ( *The State, ex rel., v. The City of Topeka*, 31 Kas. 452.)

Judgment will be rendered in favor of the plaintiff and against the defendant, as prayed for in the plaintiff's petition.

## The State of Kansas v. Thomas McGaffin.

1. INFORMATION — *Sufficiency* — *General Rule.* As a general rule it is sufficient if an indictment or information charges an offense in the language of the statute; and even the statutory words need not be strictly pursued, but others conveying the same meaning may be used.

2. MURDER; *Information; Charging Part, Sufficient.* The charging part of an information otherwise sufficient was, that "on the 26th day of November, A. D. 1885, in said county of Wabaunsee in the said state of Kansas, Thomas McGaffin did then and there unlawfully, feloniously, willfully, deliberately and premeditatedly kill and murder one Harrison Sherman, then and there being, by shooting him, the said Harrison Sherman, with a certain pistol commonly called a revolver, then and there loaded with powder and leaden bullets, which said pistol, so as aforesaid loaded with powder and leaden bullets, the said Thomas McGaffin then and there in his hands had and held; contrary to the form," etc. *Held,* That the terms employed in charging the offense are the equivalent of a statement that the killing was done intentionally and with malice aforethought, and express every element of the crime of murder in the first degree.

3. WITNESS — *Impeachment.* The credit of a witness may be impeached by showing that the statements made in his presence by another, and which were assented to and adopted by him as his own, are contrary to what he has testified at the trial.

4. ERROR *in Excluding Testimony.* The exclusion of such testimony upon the main question in the prosecution, where the conviction rests largely upon the evidence given by the witness sought to be impeached, is material error, which compels a reversal of the judgment of conviction.

*Appeal from Wabaunsee District Court.*

PROSECUTION brought against *Thomas McGaffin* for the murder of Harrison Sherman. The information charging the